# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| JUAN ARROYO, on behalf of himself and other Plaintiffs similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No. |
| v. | ) ) ) | Judge |
| H.B. ONTARIO-FRANKLIN CORPORATION d/b/a SOUND-BAR, | ) ) ) | **Jury Trial Requested** |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Juan Arroyo ("Plaintiff"), on behalf of himself and all others similarly situated, through his attorneys, Barlow, Kobata & Denis LLP, for his Complaint against Defendant H.B. Ontario-Franklin Corporation d/b/a Sound-Bar ("Defendant"), states as follows:

## NATURE OF ACTION

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA")*,* the Portal to Portal Act, 29 U.S.C. § 251 *et seq.,* the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.*, for Defendant's failure to pay wages to Plaintiff and a class of similarly situated employees.

## JURISDICTION AND VENUE

**2**. Federal jurisdiction arises under the provisions of the FLSA, 29 U.S.C. § 201 *et. seq*., including §§ 206 and 207, the Portal-to-Portal Act, 29 U.S.C. § 251 *et. seq.*, and 28 U.S.C. §§ 1331 and 1343. There is supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

1

3. Venue lies in the Northern District of Illinois Eastern Division in that the Plaintiff is a resident of this District and Division, Defendant is engaged in business in this District and Division, and a substantial part of the events giving rise to the claims alleged in this Complaint occurred in this District and Division.

**PARTIES**

4. Defendant H.B. Ontario-Franklin Corporation d/b/a Sound-Bar owns and operates the Sound-Bar nightclub located at 226 W. Ontario St. in Chicago, Illinois.

5. The Plaintiff is a resident of Chicago, Illinois, and performed part-time work for Defendant as a busboy for approximately two years until he was terminated in September 2016.

6. At all relevant times herein, Plaintiff, and all other unnamed Plaintiffs of the class, known and unknown (hereinafter referred to as "members of the Plaintiff Class") are either former or current employees of Defendant.

**IV.     COLLECTIVE ACTION ALLEGATIONS**

7. Pursuant to 29 U.S.C. § 216 (b), this action may be maintained by the Plaintiff Class, or anyone for and on behalf of themselves and other Plaintiffs similarly situated, who have been damaged by Defendant's failure to comply with 29 U.S.C. § 206 *et. seq.* and § 251 *et. seq.*

8. There exist past and present employees of the Defendant who are similarly situated to the named Plaintiff in that those similarly situated employees have performed the same or similar job duties as the named Plaintiff and have been compensated in the same or similar manner as the named Plaintiff.

9. Plaintiff and similarly situated employees are subject to common personnel policies, including the Defendant's same policies regarding pay.

10. Defendant has a common policy and practice regarding the payment of wages for all of its employees.

11. For all members of the Plaintiff Class to become fully aware of their right to join this cause of action, a certain period of time as determined by this Court is necessary to send notice to the entire Plaintiff Class, as well as certain additional time for those members to file consent forms with this Court as provided by 29 U.S.C. § 216(b).

12. Pursuant to 29 U.S.C. § 216(b), the Court should, in addition to any judgment awarded the Plaintiff Class, allow reasonable attorneys' fees and costs of the action to be paid by Defendant.

13. In order to bring this cause of action, it has been necessary for the named Plaintiff and will become necessary for the other members of the Plaintiff Class, to employ attorneys to secure a judgment due them with regard to unpaid overtime compensation.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

**FACTUAL ALLEGATIONS**

14. Paragraphs 1-13 are re-alleged and incorporated as though set forth fully herein.

15. The Plaintiff and all other unnamed Plaintiffs of the class, known and unknown ("Plaintiff Class") are either present or past employees of the Defendant.

16. At all pertinent times to this cause of action, Plaintiff and all other members of the Plaintiff Class, known and unknown, were employed by Defendant, said employment being integral and indispensable to Defendant's business.

17. At all pertinent times Defendant has continuously been an "employer in an industry affecting commerce" within the meaning of the FLSA, 29 U.S.C. § 201 *et seq*.

18. Plaintiff has signed a Consent to Become a Party Plaintiff under the FLSA, a copy of which is attached hereto as Exhibit A.

19. During their employment, Plaintiff and the Plaintiff Class regularly worked hours during the work week for which they were not paid.

20. Defendant has both in the past employed and presently employs members of the Plaintiff Class, including the Plaintiff, to perform work for it, but has failed to pay them a minimum wage pursuant to the requirements of the FLSA.

21. Pursuant to the FLSA, 29 U.S.C. § 201 *et. seq.,* and the Portal-to-Portal Act 29 U.S.C. § 251 *et. seq.*, Plaintiff, and all other Plaintiffs similarly situated, known and unknown, are entitled to a minimum wage for all hours worked during the two (2) years preceding the filing of this Complaint.

22. Defendant's failure to pay a minimum wage for all hours worked by Plaintiff and the Plaintiff Class is a violation of the FLSA.

23. After Plaintiff complained to Defendant about Defendant's unlawful failure to pay him his wages for all hours worked, Defendant retaliatorily terminated Plaintiff.

24. Plaintiff's termination was in retaliation for his complaints to Defendant and violated Section 15(a)(3) of the FLSA.

WHEREFORE Plaintiff, on behalf of himself and all others similarly situated, known and unknown, respectfully requests this Court to enter an order as follows:

A. the Court determine the rights of the parties and direct the Defendant to pay for all hours worked and wages paid to the Plaintiff;

B. awarding a judgment equal to the amount of all unpaid compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

C. awarding Plaintiff compensatory and punitive damages with respect to his discharge;

D. ordering Defendant to make whole Plaintiff by providing him appropriate lost earnings and benefits with pre-judgment and post-judgment interest, and other affirmative relief, including front pay;

E. awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendant's violation of the FLSA; and

F. for such other, additional, and further relief as the Court deems appropriate under the circumstances.

## COUNT II
## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

25. Paragraphs 1-24 are re-alleged and incorporated as though set forth fully herein.

26. Defendant has, both in the past and presently, willfully failed to pay the Plaintiff and the class he represents for all hours worked, despite the fact that Defendant knew, or should have known, of the requirements of the FLSA.

27. Defendant continues a pattern of deliberate, intentional, and willful violation of the FLSA.

28. Pursuant to the FLSA, Plaintiff and the class he represents are entitled to compensation for all the hours worked in any given week during the three (3) years preceding the filing of this Complaint.

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, known and unknown, respectfully requests this Court to enter an order as follows:

    A.    awarding a judgment equal to the amount of all unpaid overtime compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

    B.    awarding prejudgment interest with respect to the total amount of unpaid overtime compensation;

    C.    awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendant's violation of the FLSA; and

    D.    for such other, additional, and further relief as the Court deems appropriate under the circumstances.

## COUNT III
## LIQUIDATED DAMAGES

29.    Paragraphs 1-28 are re-alleged and incorporated as though set forth fully herein.

30.    In denying Plaintiff and the class he represents compensation for all hours worked in a workweek, Defendant's acts were not based upon good faith or reasonable grounds.

31.    The Plaintiff and the class he represents are entitled to liquidated damages equal to the amount of unpaid compensation pursuant to 29 U.S.C. § 216.

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, known and unknown, respectfully requests this Court to enter an order as follows:

    A.    awarding liquidated damages equal to the amount of all unpaid overtime compensation;

    B.    awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendant's violation of the FLSA; and

C.	for such other, additional, and further relief as the Court deems appropriate under the circumstances.

## COUNT IV
## SUPPLEMENTAL STATE COURT CLAIM
## ILLINOIS MINIMUM WAGE LAW, 820 ILCS SECTION 105 *et. seq.*

32.	Paragraphs 1-6 and 15-31 are re-alleged and incorporated as though set forth fully herein.

33.	There exists a statute called the Illinois Minimum Wage Law, 820 ILCS § 105 *et. seq.*, which requires employers to pay to employees a minimum wage for all hours worked in a workweek.

34.	This Court has jurisdiction over the Illinois state claim by virtue of 28 U.S.C. § 1367.

35.	At all relevant times herein, Defendant was an employer as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiff was an employee within the meaning of that Act.

36.	Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff worked, he was entitled to be paid a minimum wage for all hours he worked.

37.	Defendant violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff for all hours worked. Defendant failed and refused to pay Plaintiff his pay.

38.	Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three years prior to the filing of this suit, plus punitive damages in the amount of two percent (2%) per month of the amount of under payments.

39.	The aforementioned Illinois statute provides for a statute of limitations of three years from the date of the underpayment of the wage, without qualification.

40. The aforementioned Illinois statute also provides for Plaintiff to recover the amount of the wage underpayment as well as costs and reasonable attorneys' fees as may be allowed by the Court.

41. Defendant's failure to pay Plaintiff wages for all hours worked in a workweek is a violation of the Illinois Minimum Wage Law.

42. Plaintiff complained to the Defendant about Defendant's unlawful failure to pay him wages for all hours worked.

43. After Plaintiff complained to Defendant about Defendant's unlawful failure to pay him wages for all hours he worked, Defendant retaliatorily terminated Plaintiff.

44. Plaintiff's termination was in retaliation for his complaints to Defendant and violated the IMWL.

WHEREFORE, Plaintiff respectfully requests this Court to enter an order as follows:

A. a judgment in the amount of all unpaid wages for the three years preceding the filing of this lawsuit;

B. punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. awarding prejudgment interest on the unpaid overtime wages in accordance with 815 ILCS 205/2;

D. awarding Plaintiff's reasonable attorney's fees and costs incurred as a result of Defendant's violation of that Act;

E. that the Court determine the rights of the parties and direct the Defendant to pay for all hours worked and wages paid to Plaintiff during the relevant time period; and

F.      for such other, additional, and further relief as the Court deems appropriate under the circumstances.

## COUNT V
## ILLINOIS WAGE PAYMENT AND COLLECTION ACT

45.      Paragraphs 1-6 and 15-44 are re-alleged and incorporated as though set forth fully herein.

46.      At all relevant times herein, Defendant was an employer as defined in the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.*, (herein "IWPCA") and Plaintiff was an employee within the meaning of that Act.

47.      Defendant promised to pay Plaintiff a wage of $10.00 per hour for all hours he worked for Defendant.

48.      Defendant has failed, neglected or refused to pay Plaintiff for all of his wages earned pursuant to 820 ILCS 115/4; and as a direct and proximate result thereof, Plaintiff has been damaged.

49.      Defendant violated the IWPCA by willfully refusing to pay Plaintiff his wages of $10.00 per hour for all hours worked.

50.      Illinois' five-year statute of limitations 735 Ill. Comp. Stat. Ann. 5/13-205 (2000) applies to Illinois Wage Payment and Collection Act claims.

51.      Plaintiff is entitled to recover his attorneys' fees and costs under the Illinois Attorney's Fees in Wage Actions Act, 705 ILCS 225/1 *et seq*.

WHEREFORE, Plaintiff respectfully request this Court to enter an order as follows:

A.      A judgment in the amount of all back wages due as provided by the Illinois Wage Payment and Collection Act;

B. Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in the IWPCA;

C. Reasonable attorneys' fees and costs incurred in filing this action pursuant to 820 ILCS 115/1; and

D. Such other and further relief as this Court deems appropriate and just.

## JURY TRIAL DEMAND

A jury trial is demanded on all counts which are triable by a jury.

Dated: September 23, 2016            ____*s/ Marty Denis*_____
                                                            Marty Denis
                                                            Bethany Hilbert
                                                            Barlow, Kobata & Denis LLP
                                                            525 West Monroe, Suite 2360
                                                            Chicago, Illinois 60661
                                                            (312) 648-5570
                                                            *Attorneys for Plaintiff Juan Arroyo*